IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal Action No. 17-338 |
| v. | ) |
| | ) |
| | ) |
| LAMAR RICE, | ) |
|         Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the court is a pro se motion for return of property (duplicatively docketed at ECF Nos. 144 and 145) filed by defendant Lamar Rice ("Rice" or "defendant"). Rice requests the return of a black down Polo jacket, a gold byzantine link chain, a set of Levian chocolate diamond earrings and a black Polo belt. Rice avers that this property was seized during his arrest on November 14, 2017. Rice asserts that because his conviction is now final and any related appeals are exhausted, the government has no reason to retain his personal property any longer.

The government filed a response in partial opposition to the motion (ECF No. 149). With respect to the jacket, the government agreed that it should be returned to Rice. The government represented that Rice had been notified that he could retrieve the jacket (along with a gray knit Steelers hat not at issue in the motion) (ECF No. 149-2). That aspect of Rice's motion, therefore, will be granted as unopposed.

The government represents that the other three items (chain, earrings and belt), are not and never were in federal custody. In support of this position, the government submitted a Declaration of Leonard Piccini ("Piccini"), a special agent with the FBI, with a list of the items recovered from Rice's person during his arrest on November 14, 2017 (ECF No. 149-1). The

chain, earrings and belt are not listed.[1]  Piccini declared that he examined the case file and did not locate any records indicating that the FBI took custody of the chain, earrings or belt.  Piccini attached photos of the examination of the evidence bag for Rice's case, which contained the jacket and Steelers hat, but no chain, earrings or belt.

Piccini attached to his Declaration an FBI report describing that Rice was taken into custody on November 14, 2017, at the McKeesport police station by an FBI agent and the Allegheny County Sheriff's Office and transported in a marked Sheriff's unit to the Allegheny County Jail ("ACJ") to be held overnight.  The next day, Rice was transported to federal court for initial appearance and remanded to the custody of the United States Marshal.

Rice submitted a photo from a Pittsburgh Post-Gazette article which he claims depicts the mugshot of his arrest on November 14, 2017.  The photo shows Rice wearing earrings and a chain.  The government submitted a more legible copy of what appears to be the same photograph (ECF No. 149-3).  The photos submitted by both Rice and the government are captioned: "Pitcairn pot grower gets five years behind bars."

The government disputes Rice's claim that the mugshot was taken during his arrest in November 2017.  Instead, the government asserts that the mugshot was from a different state arrest on February 23, 2017.  The government submitted a Declaration from Bryan Joseph ("Joseph"), the intake captain at the ACJ.  Joseph declared that he had reviewed intake photos at ACJ. Based on that review, Joseph determined that the photo in the Post-Gazette article was taken at ACJ on or about February 24, 2017.  (ECF No. 149-3).

---

[1] The report indicates that Rice asked Piccini to retrieve a jacket from his third floor bedroom.

The government asserts that the court need not conduct an evidentiary hearing in this case because the documentary evidence establishes that the government does not possess, and never took possession of, the chain, earrings or belt. Rice did not respond to the government's evidence.

When a defendant files a Rule 41(g) motion for return of property after the criminal proceedings have terminated, the burden is on the government to demonstrate that it has a legitimate reason to retain the property. At that point, the person from whom the property was seized is presumed to have a right to its return. *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). If the government asserts that it "no longer has the property," the court must determine whether or not the government still has it; if not, what happened to it; and must hold an evidentiary hearing on any disputed issues of fact. *Id.*

The court is not required to conduct an evidentiary hearing on every Rule 41(g) motion, although its determination must rest on a firmer basis than the government's unsubstantiated assertions. *United States v. Mejia*, No. CRIM A 07-650, 2009 WL 1545845, at *2 (D.N.J. May 27, 2009) (citing *United States v. Albinson*, 356 F.3d 278, 282 (3d Cir. 2004)). A sufficient basis for factual findings can include "affidavits or documentary evidence, such as chain of custody records[.]" *Id.* In *Albinson*, the court explained that the limitation on the remedies available to a Rule 41(g) petitioner (i.e., no monetary damages) is "not inconsistent" with the requirement that a district court conduct an evidentiary hearing. *Albinson*, 356 F.3d at 283.

In *Mejia*, the evidence submitted by the government was very similar to the evidence submitted in this case (i.e., an affidavit submitted by a special agent which reflected that after a search of the case file, none of the property listed in the defendant's motion was seized by the government). The court observed: "Aside from the bare allegations in his motion, Defendant

3

provides no basis for the Court to conclude otherwise." *Id.* The court denied the Rule 41(g) motion without an evidentiary hearing.

In *United States v. Shibley*, No. CRIM. 03-269, 2006 WL 2472852 (W.D. Pa. Aug. 28, 2006), the court denied a Rule 41(g) motion without an evidentiary hearing. In *Shibley*, the government submitted the inventory of items taken from Shibley's apartment during the search. *Id.* at *2 (citing *Albinson*). *Accord United States v. Dickman*, 85 F. App'x 564, 565 (9th Cir. 2003) (court did not err in failing to hold Rule 41(g) evidentiary hearing where government submitted property receipt which did not include the ring and affidavit of arresting officer stating that ring was not seized and defendant submitted only bare assertions that ring was seized).

The court agrees that the record in this case does not require an evidentiary hearing. The government provided a declaration showing that the chain, earrings and belt were not listed among the items seized during the November 2017 arrest. The government provided a declaration rebutting Rice's allegation that he was wearing those items during the November 2017 arrest; instead, the photo Rice submitted was taken during a different arrest 9 months earlier. The evidence Rice submitted did not rebut any of those declarations. As the government pointed out (in addition to the photo taken during an arrest 9 months prior to the arrest in question), the receipt Rice submitted for the jacket reflected it was purchased by a different person. Other than the photo taken during an arrest 9 months prior to the arrest in question, in this case Rice offered no proof of ownership of the chain or belt.

In sum, the court concludes that the government met its burden, based on the evidentiary record, to demonstrate that the chain, earrings and belt were not taken into federal custody. Rice's Rule 41(g) motion will be denied with respect to those items.

Conclusion

For the reasons set forth above, Rice's motion for return of property (ECF Nos. 144, 145) will be granted in part as unopposed with respect to the jacket, and denied in all other respects.

An appropriate order will be entered.

**BY THE COURT**,

Dated: July 3, 2024         **/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Court Judge